IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **ARREY EYONG ENEKE,** | § | |
| **Petitioner,** | § | |
| | § | |
| **v.** | § | **CIVIL NO. 3:26-CV-133-K-BN** |
| | § | |
| **KRISTI NOEM, et al.,** | § | |
| **Respondents.** | § | |

**MEMORANDUM OPINION AND ORDER**

Before the Court are Petitioner Arrey Eyong Eneke's ("Petitioner") Petition for Writ of Habeas Corpus [Dkt. No. 3] (the "Petition").

The Government filed a Response in Opposition [Dkt. No. 8] and Appendix in Support [Dkt. No. 9] (together, the "Response"), and Petitioner filed a Reply [Dkt. No. 10].

Having carefully considered the briefing, the relevant portions of the record, and the applicable law, the Court **GRANTS in part** the Petition. And, consistent with this Memorandum Opinion and Order, the Court **DIRECTS** Respondents to provide Petitioner Arrey Eyong Eneke with a bond hearing before an immigration judge or release him from custody, under appropriate conditions of release.

## I. Background

It's undisputed that Petitioner, a native and citizen of Cameron, entered the United States in September 2024 and was apprehended by Border Patrol, which issued a notice to appear and released her from custody. She was taken into custody by ICE

in October 2025 and was not provided a bond hearing. Petitioner was ordered removed from the United States by an immigration judge in December 2025. And she has appealed that decision and remains in immigration custody.

## II. Legal Analysis

This is one of many habeas petitions that challenge ICE's mandatory detention authority while removal proceedings are pending. Nearly all courts, including the undersigned, have held that the government new policy, which deprives people of an opportunity to seek release from an immigration court, violates the INA and Due Process Clause. The Court is not persuaded to break from its earlier rulings here. *See, e.g.*, *Amelia C. P. v. Noem*, No. 3:25-cv-2872-K-BK, 2025 WL 3653872 (N.D. Tex. Dec. 17, 2025); *Flores Perez v. Noem*, No. 3:25-cv-2920-K-BN, 2025 WL 3532430 (N.D. Tex. Nov. 14, 2025), *rec. accepted*, 2025 WL 3530951 (N.D. Tex. Dec. 9, 2025); *Parada-Hernandez v. Johnson*, No. 3:25-cv-2729-K-BN, 2025 WL 3465958 (N.D. Tex. Oct. 29, 2025), *rec. accepted*, No. 3:25-cv-2729-K-BN, 2025 WL 3463682 (N.D. Tex. Dec. 2, 2025).

> As background, two statutes in the [INA] principally govern [these] detention[s]: 8 U.S.C. §§ 1225 and 1226. Section 1226 provides the general process for arresting and detaining noncitizens who are present in the United States and eligible for removal. 8 U.S.C. § 1226. The Supreme Court has explained that Section 1226(a) "sets out the default rule: The Attorney General may issue a warrant for the arrest and detention of an alien 'pending a decision on whether the alien is to be removed from the United States." *Jennings v. Rodriguez*, 583 U.S. 281, 288 (2018) (quoting § 1226(a)). "[T]he Attorney General 'may release' an alien detained

> under § 1226(a) 'on bond or conditional parole.'" *Id.* (citation modified). But "aliens who are covered by § 1225(b)(2) are detained pursuant to a different process" and "'shall be detained for a [removal] proceeding' if an immigration officer 'determines that [they are] not clearly and beyond a doubt entitled to be admitted' into the country." *Id.* (quoting § 1225(b)(2)(A)). Hence, "noncitizens detained under section 1225(b)(2) must remain in custody for the duration of their removal proceedings, while those detained under section 1226(a) are entitled to a bond hearing before an IJ at any time before entry of a final removal order." *See, e.g.*, *Rodriguez v. Bostock*, 802 F. Supp. 3d 1297, 1306 (W.D. Wash. 2025).

*Flores Perez*, 2025 WL 3532430, at *2 (cleaned up; quoting *Covarrubias v. Vergara*, No. 5:25-CV-112, 2025 WL 2950097, at *2 (S.D. Tex. Oct. 8, 2025)).

The main issue in these cases "is whether [the habeas petitioner] has been erroneously categorized as a detainee subject to 8 U.S.C. § 1225(b)(2), which prescribes mandatory detention during removal proceedings, or if he [or she] is subject to 8 U.S.C. § 1226(a), which provides for discretionary detention and a bond hearing regarding whether the noncitizen is a flight risk or poses a danger to the community." *Id.*

**A. Exhaustion of Administrative Remedies is Not Required**

First, the Court rejects any argument that Petitioner should exhaust administrative remedies before seeking habeas relief by seeking a bond determination from the immigration judge ("IJ"). The BIA recently held in *In Matter of Yajure Hurtado*, 29 I&N Dec. 216, 220 (BIA 2025) that IJs lack authority to hear bond requests or grant bond to noncitizens who are present in the United States without inspection and

admission, like Petitioner. So "[r]equiring [Petitioner] to request a bond hearing before an IJ and (if bond were denied) appeal the decision 'would be inappropriate because it would exacerbate [the] alleged constitutional injury – detention without a bond hearing.'" *Flores Perez*, 2025 WL 3532430, at *3 (citations omitted).

**B. Detention Without a Bond Hearing Violates the INA**

Second, the Court finds that detaining Petitioner without a bond hearing under Section 1225(b) violates the INA for the reasons explained in *Flores Perez*, 2025 WL 3532430, at *3.

> [Petitioner] contends that he is being detained under Section 1226(a) and should have a bond hearing, but Respondents argue that [she] is subject to mandatory detention under Section 1225(b)(2), and therefore, not entitled to a bond hearing.
>
> The difference in interpretation emanates from the Government's recent reevaluation of immigration detention authority. The Department of Homeland Security (DHS) and Department of Justice (DOJ) released interim guidance on July 8, 2025, announcing a new legal position on detention and release authorities. The guidance interprets INA Section 235 (8 U.S.C. § 1225) as applying to the detention of all "applicants for admission," including all noncitizens who have not been admitted, whether or not they arrive at a port of entry....
>
> [W]hether [Petitioner] falls under Section 1226(a) or 1225(b)(2) is a matter of statutory interpretation. Statutory interpretation is the province of the courts, not agencies. *Loper Bright Enters. v. Raimondo*, 603 U.S. 369, 413 (2024).
>
> The [undersigned] finds that Section 1226, not Section 1225, applies to [Petitioner's] detention. As almost every district court ... has concluded, "the statutory text, the statute's history, Congressional intent, and § 1226(a)'s application for the past three decades" support application of

> Section 1226. *Buenrostro-Mendez v. Bondi*, No. H-25-3726, 2025 WL 2886346, at *3 (S.D. Tex. Oct. 7, 2025) (Rosenthal, J.) (collecting cases).

*Id.* at *3 (quoting *Covarrubias*, 2025 WL 2950097, at *2).

The Court does acknowledge authority in this district reaching a different result, but that authority is neither binding nor persuasive. *See, e.g.*, *P. B. v. Bergami*, No. 3:25-cv-2978-O, 2025 WL 3632752, at *3-5 (N.D. Tex. Dec. 13, 2025); *Garibay-Robledo v. Noem*, No. 1:25-cv-177-H, ___ F. Supp. 3d ____, 2026 WL 81679, at *3-9 (N.D. Tex. Jan. 9, 2026).

And the Court notes that, while the United States Court of Appeals for the Fifth Circuit has not ruled on this issue—although it recently heard oral arguments in the appeal of a similar case from the Southern District of Texas, *Buenrostro-Mendez v. Bondi*, No. 25-20496 (5th Cir.)—the Seventh Circuit has rejected the government's argument, in the context of a motion to stay pending appeal, finding that Section 1226(a) applies to noncitizens discovered within the country. *See Castañon-Nava v. U.S. Dep't Homeland Sec.*, 161 F. 4th 1048, 1061 (7th Cir. 2025) (holding ICE and DHS were "not likely to succeed on the merits of their argument that those individuals, whom ICE arrested in Chicago without a warrant, are subject to mandatory detention under § 1225(b)(2)(A)").

**C. Detention Without a Bond Hearing also Violates Due Process**

Third, the Court holds that Petitioner is entitled to procedural protections under

the Fifth Amendment's Due Process Clause and that detaining Petitioner without a bond hearing violates rights protected by the Fifth Amendment. *See Flores Perez*, 2025 WL 3532430, at *4.

And, insofar as Respondents may rely on *Department of Homeland Sec. v. Thuraissigiam*, 591 U.S. 103 (2020), as a basis to deny Petitioner's due process claim, the Court rejects that argument too. *See Flores Perez*, 2025 WL 3532430, at *4 (collecting district court cases within the Fifth Circuit and concluding *Thuraissigiam* is distinguishable when applied to petitioners who have resided in the United States).

The Court also finds that all three factors in *Mathews v. Eldridge*, 424 U.S. 319 (1976), favor Petitioner for the reasons stated in *Flores Perez*, 2025 WL 3532430, at *4-5. And, so, the Court holds that denying Petitioner a bond hearing under § 1225(b)(2) deprives him of procedural due process protections under the Fifth Amendment.

**D. Remedy**

Most courts, including this Court, confronting the issues here have determined that the appropriate relief is a bond hearing. *Flores Perez*, 2025 WL 3532430, at *6-7 (collecting cases). Accordingly, the Court **ORDERS** that Petitioner be given a bond hearing before an IJ. The Court declines to award any other relief at this time.

## III. Conclusion

For all these reasons, the Petition for Writ of Habeas Corpus is **GRANTED in**

**part** and the Motion for Temporary Restraining Order is **DENIED**.

Respondents are DIRECTED to: (1) provide Petitioner Arrey Eyong Eneke with a bond hearing before an immigration judge at which the government shall bear the burden of justifying, by clear and convincing evidence of dangerousness or flight risk, Petitioner's continued detention; or (2) release Petitioner Arrey Eyong Eneke from custody, under appropriate conditions of release, to a public place.

Respondents are further DIRECTED to file a notice, **by 5:00 p.m. Central Time, February 13, 2026**, that informs the Court whether Petitioner Arrey Eyong Eneke has been released from custody. If Petitioner Arrey Eyong Eneke has not been released from custody, Respondents shall inform the Court whether and when a bond hearing was held in accordance with the preceding paragraph. Respondents shall further inform the Court, in detail, of the reasons for the immigration judge's decision.

Finally, if Petitioner Arrey Eyong Eneke is released, Respondents are DIRECTED to notify Petitioner Arrey Eyong Eneke's counsel of the exact location and exact time of Petitioner's release as soon as practicable and no less than two hours before Petitioner's release.

SO ORDERED.

Signed February 6th, 2026.

Ed Kinkeade
ED KINKEADE
UNITED STATE DISTRICT JUDGE